**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|                                      |   |                          |
|--------------------------------------|---|--------------------------|
|                                      | * |                          |
| WELLS FARGO EQUIPMENT FINANCE, INC., | * |                          |
|                                      | * |                          |
|     Plaintiff,   | * |                          |
|                                      | * |                          |
| v.                                   | * | Case No.: PWG-15-1371    |
|                                      | * |                          |
| NABIL ASTERBADI,                     | * |                          |
|                                      | * |                          |
|     Defendant.   | * |                          |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINON AND ORDER**

Former plaintiff CIT Group/Equipment Finance Inc. ("CIT") filed its Certification of Judgment for Registration in Another District, ECF No. 1, in this Court on August 27, 2003, and moved for a permanent injunction (i) to prevent Defendant Nabil J. Asterbadi from transferring his corporate stock certificates in Zachair Ltd.[1] and (ii) to require Asterbadi to turn over these certificates to CIT in partial satisfaction of the judgment. Pl.'s Mot., ECF No. 3. Asterbadi consented to the portion of the motion enjoining him from transferring the certificates but contested the portion of the motion requiring him to turn over the certificates to CIT. Def.'s Opp'n, ECF No. 4. More than a decade later, on April 7, 2015, CIT filed a notice with this Court that it had assigned its interest in the judgment to Plaintiff Wells Fargo Equipment Finance, Inc. ("Wells Fargo"). Notice of Assignment of Judgment, ECF No. 9. Wells Fargo then attempted to collect on the judgment. *See* Def.'s Mot., ECF No. 11.

At this juncture, I must determine whether Wells Fargo has standing to enforce the judgment, whether the statute of limitations for enforcing the judgment has run, and whether

---

[1]    Defendant was the resident agent for and a stockholder of Zachair Ltd.

Wells Fargo is entitled to injunctive relief.   I find that Plaintiff has standing and that the judgment is enforceable because its statute of limitations started to run on the date the judgment was certified in this Court.   Plaintiff, however, has failed to meet the burden necessary to grant his motion for permanent injunctive relief on the contested portion of the motion.   As a result, Plaintiff's Motion for Permanent Injunction is GRANTED IN PART and DENIED IN PART.

## I.      BACKGROUND

The factual and procedural background is short and straightforward.   On August 27, 2003, the former plaintiff CIT filed a Certificate for Registration in Another District ("Certified Judgment") with regard to an October 4, 1993, judgment ("1993 Judgment") entered in its favor and against Defendant in the United States Court for the Eastern District of Virginia.   ECF No. 1. CIT then filed an October 31, 2003, Motion for Permanent Injunction, in which CIT sought an order enjoining Defendant from transferring corporate stock certificates in Zachair, Ltd. and requiring Defendant to turn over the certificates.   Pl.'s Mot. 1.   Asterbadi opposed the motion, in part, disputing the amount due under the 1993 Judgment and whether CIT could obtain shares jointly held by Defendant and his wife but consenting to an order enjoining the transfer of the stock.   Def.'s Opp'n 3–4.   CIT subsequently assigned its interest in the 1993 Judgment to Plaintiff Wells Fargo, Notice of Assignment of Judgment; the case was then converted to a civil matter and assigned to me, *see* May 13, 2015 Docket Entry.

Recently, Wells Fargo noted a post-judgment deposition of third-party Zachair Ltd., which led Asterbadi to file a Motion for Protective Order and for Other Ancillary Relief.   Def.'s Mot.   In his motion, Asterbadi now argues that the 1993 Judgment no longer is enforceable, almost twenty-two years after the original judgment was entered.   *Id.* at 4–5.   Wells Fargo

opposed Asterbadi's motion without addressing the enforceability of the judgment.  Pl.'s Opp'n,

ECF No. 15.  On May 28, 2015, I ordered Wells Fargo to show cause for why this matter is not

subject to dismissal for the reasons stated in Asterbadi's motion.  ECF No. 18.  Wells Fargo filed

a memorandum addressing the enforceability of the judgment, Pl.'s Mem., ECF No. 19, and

Asterbadi filed a response, Def.'s Resp., ECF No. 20, and a supplement response, Def.'s Supp.,

ECF No. 23.  A hearing is unnecessary.  *See* Loc. R. 105.6.

## II.    DISCUSSION

### A.  Standing

Defendant argues that Wells Fargo lacks standing to respond to my show cause order

because "Wells Fargo failed to comply with Md. Rule 2-642 and is not the lawful assignee of

record of the [1993] Judgement."  Def.'s Resp. 3.  Asterbadi states that Wells Fargo only filed a

notice of assignment with this Court, not the assignment itself, and therefore lacks standing

under Md. Rule 2-642.  *Id.* at 4.

The Maryland rule provides

> When a judgment has been assigned in writing by the judgment holder, the
> assignment may be filed in the court where the judgment was entered and in any
> court where it has been recorded. When an assignment is filed, the judgment may
> thereafter be enforced in the name of the assignee to the extent of the assigned
> interest.

Md. Rule 2-624.   Although Wells Fargo only has submitted to this Court the Notice of

Assignment of Judgment, ECF No. 9, Defendant has provided me with a copy of the assignment

and assumption agreement that Wells Fargo filed with the Circuit Court for Montgomery

County, whereby CIT assigned the judgment to Wells Fargo.  Assignment & Assumption Agr.

5–8, Def.'s Supp. Ex. 1, ECF No. 23-1.  Because the assignment has been filed, Wells Fargo has

standing respond to my show cause order regarding the enforceability of the 1993 Judgment. *See* Md. Rule 2-642.

### B. Enforceability of Judgment

The issue before me is straightforward: where a judgment from another jurisdiction is certified in this Court, does the statute of limitations for its enforcement begin to run on the date when the judgment originally was entered in the originating jurisdiction or on the date when the judgment was certified in this Court?  This is a case of first impression.  Neither the Fourth Circuit nor this Court has previously addressed this issue, and Maryland state law is silent with respect to when the statute of limitations begins upon the certification of a sister court's judgment.  *See* Md. Rules 2-625 & 3-625.

Plaintiff certified its judgment against Defendant under 28 U.S.C. § 1963, which provides

> A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

For a judgment to be registered properly, it must be registered within both (i) the timeframe proscribed by the statute of limitations for judgments in the original jurisdiction and (ii) the timeframe proscribed by the statute of limitations for judgments in the jurisdiction in which the party seeks to certify.  *See Stanford v. Utley*, 341 F.2d 265 (8th Cir. 1965).  The parties do not dispute that the certification was filed within both Virginia's 20-year statute of limitations, Va. Code Ann. § 8.01-251, and Maryland's 12-year statute of limitations, Md. Rule 2-625.  *See* Def.'s Mot. 6; Pl.'s Mem. 2.  Further, the parties do not dispute that Maryland's 12-year statute

of limitations applies with respect to whether the Certified Judgment remains enforceable.  *See* Def.'s Mot. 6; Pl.'s Mem. 2.

Other circuits have found that the certification of a judgment under 28 U.S.C. § 1963 "is more than 'ministerial' and is more than a mere procedural device for the collection of the foreign judgment."  *Stanford*, 341 F.2d at 268; *see also Home Port Rentals, Inc. v. Int'l Yachting Grp., Inc.*, 252 F.3d 399 (5th Cir. 2001); *Marx v. Go Publ'g. Co.*, 721 F.2d 1272 (9th Cir. 1983). Rather, certification of the judgment is, "so far as enforcement is concerned, the equivalent of a new judgment of the registration court."  *Stanford*, 341 F.2d at 268.

The facts of *Home Port Rentals* parallel the facts in the present case.  In *Home Port Rentals*, the plaintiff registered a South Carolina judgment in Louisiana on March 17, 1999, at a time when the judgment was enforceable both states.  *Home Port Rentals*, 252 F.3d at 402–04. The South Carolina judgment had become final on April 2, 1992, the date on which it was affirmed by the Fourth Circuit.  *Id.* at 402.  The magistrate judge ruled that the judgment was enforceable in Louisiana under its 10-year statute of limitations "until April 2, 2002, the tenth anniversary of the 1989 [South Carolina] judgment's finality on appeal."  *Id.*

The Fifth Circuit held that "the applicable limitation law for purposes of enforcement of the registered judgment in the registration district is that of the registration state . . . *and* it starts to run *on the date of registration*."  *Id.* at 407.  Therefore, the certified judgment was enforceable until March 17, 2009, ten years after the judgment was certified.  *Id.* at 410–11.  The Fifth Circuit reasoned that the alternative—that the statute of limitations started to run on the date when the judgment became final—"produces an impermissible inconsistency that is directly violative of § 1963's plain wording.  Indeed, the intent of Congress in enacting § 1963 to equate

registration with a judgment-on-judgment would be thwarted if" a judgment registered pursuant to § 1963 was enforceable for less than the statute of limitations but a judgment-on-judgment rendered at the same time was enforceable for the full statute of limitations. *Id.* at 409–10.[2]

The ruling in *Home Port Rentals* is persuasive and on point. Treating the registration of a judgment under 28 U.S.C. § 1963 in a manner different from "a judgment of the district court of the district where registered" is contradictory to the federal statute and unsupported by relevant Maryland law.[3] For these reasons, the statute of limitations in this case started to run on the date that the judgment was registered in this Court, August 27, 2003, and is currently enforceable against the Defendant.[4]

### C. Permanent Injunctive Relief

Plaintiff seeks "an injunction enjoining Defendant/Judgment Debtor, Nabil Asterbadi, from transferring certain corporate stock certificates and ordering Dr. Asterbadi to turn over the stock certificates." Pl.'s Mot. 1. Defendant consents to the injunction enjoining him from transferring the stock certificates but argues that he should not be ordered to give them to Plaintiff. Def.'s Opp'n 4.

---

[2]     The Fifth Circuit in *Home Port Rentals*, 252 F.3d 399, reached the same conclusion as the Ninth Circuit in *Marx*, 721 F.2d 1272, but for different reasons. The Ninth Circuit found the statute of limitations started to run on the date of registration because California state law provided that "the period for a valid and enforceable judgment of a sister state runs anew from the time of its filing in the state superior court." *Marx*, 721 F.2d at 1273.

[3]     Defendant points to a number of Maryland court decisions in support of his argument that the statute of limitations should start to run on the date that the original judgment became final. Def.'s Mot. 7–9. These authorities are unavailing because they do not address the registration of a foreign judgment under 28 U.S.C. § 1963 and do not address when the statute of limitations should start to run.

[4]     On August 26, 2015, Wells Fargo filed a Request and Notice for Renewal of Judgment, ECF No. 25, thereby extending the statute of limitations by an additional twelve years, *see* Md. Rule 2-625.

To satisfy the burden for permanent injunctive relief, Plaintiff must meet a four-factor test:

> (1) that he "has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."

*Doe v. Salisbury Univ.*, --- F.3d ---, No. JKB-15-517, 2015 WL 5005811, at *17 (D. Md. Aug. 21, 2015) (quoting *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006)).  Plaintiff has not addressed these factors for why Defendant should be required to turn over the stock certificates other than arguing (on October 31, 2003) that "[t]ime is of the essence because Dr. Asterbadi is alerted to CIT's attempt to seize the Certificates and therefore is likely to hide the Certificates, if they exist, or transfer his ownership interest in Zachair."  Pl.'s Mot. 5.  As a result, I will grant Plaintiff's motion with respect to enjoining Defendant from transferring the stock certificates, to which Defendant consents, but deny, without prejudice, Plaintiff's request that Defendant be required to turn over the certificates.

## **ORDER**

Accordingly, it is this 16th day of September, 2015, hereby ORDERED that Plaintiff's Motion for Permanent Injunction, ECF No. 3, is GRANTED IN PART and DENIED IN PART.

So ordered.

Dated: <u>September 16, 2015</u>                          <u>      /S/      </u>
                                                                    Paul W. Grimm
                                                                    United States District Judge

dpb